IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GONZALA GALINDO,

      Plaintiff,

v.                                                                                     No. CV 16-804 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Gonzala Galindo's *Motion to Reverse Commissioner's Administrative Decision and Remand Claim* (the "Motion"), (Doc. 16), filed December 23, 2016; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision*, (the "Response"); and Ms. Galindo's *Reply to Defendant's Brief* (the "Reply"), (Doc. 21), filed April 6, 2017.

Ms. Galindo filed applications for supplemental security income and disability insurance benefits on February 17, 2012, alleging disability beginning February 13, 2012. (Administrative Record "AR" 19). Ms. Galindo claimed arthritis, headaches, memory loss, and back pain limited her ability to work. (AR 203). Ms. Galindo's applications were denied initially on May 18, 2012, and upon reconsideration on August 16, 2012. (AR 19). Ms. Galindo requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 17, 2013, before ALJ Myriam Fernandez Rice. (AR 19). Ms. Galindo and Nicole King, an impartial vocational expert ("VE"),

testified at the hearing, and Sofia Reyes McDermott, an attorney, represented Ms. Galindo at the hearing. (AR 423-25).

On April 15, 2014, ALJ Fernandez Rice issued her decision, finding Ms. Galindo not disabled at any time between her alleged disability onset date through the date of the decision. (AR 13-26). Ms. Galindo requested review by the Appeals Council, (AR 12) which was denied, (AR 3-10), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

Ms. Galindo now argues that the ALJ erred in considering and weighing the opinion of Ms. Galindo's treating physician, Eduardo Castrejon, M.D. (Doc. 16-1 at 5-7). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ erred in both her consideration and weighing of Dr. Castrejon's opinion, the Court finds that Plaintiff's motion should be **GRANTED**.

**I.      Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal

standards, or show . . . that she has done so, are grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.    **Applicable Law and Sequential Evaluation Process**

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.   Background

As discussed, Ms. Galindo claimed arthritis, headaches, memory loss, and back pain prevented her from working beginning February 13, 2012. (AR 203). At step one,

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

the ALJ determined Ms. Galindo had not engaged in substantial gainful activity since that date. (AR 21).

At step two, the ALJ found Ms. Galindo's only severe impairment was degenerative arthritis. (AR 21). The ALJ noted Ms. Galindo was diagnosed with adjustment disorder with anxiety and depression and was assessed as having a Global Assessment of Functioning ("GAF") score of 60, indicating moderate symptoms of difficulty in social and occupational settings. (AR 22); *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162 (10th Cir. 2012). Nonetheless, the ALJ considered Ms. Galindo's symptoms more consistent with only mild symptoms. (AR 22). Proceeding to step three, the ALJ concluded Ms. Galindo did not have an impairment or combination of impairments that met or medically equaled a Listing impairment. (AR 23).

According to the ALJ, Ms. Galindo has the RFC to perform a range of light work, though she can only occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, and should avoid concentrated exposure to extreme cold, heat, and unprotected heights. (AR 23). In formulating Ms. Galindo's RFC, the ALJ first found Ms. Galindo's statements as to the intensity, persistence, and limiting effects of her symptoms "not entirely credible." (AR 24). The ALJ described Ms. Galindo's treatment records as "normal" and "routine." (AR 24-25).

The ALJ then considered the Third Party Function Report completed by Ms. Galindo's husband. (AR 25). The ALJ remarked that the report had "not been given under oath" and appeared to mirror Ms. Galindo's subjective complaints. (AR 25). The ALJ did not explicitly assign weight to Mr. Galindo's opinion, instead stating "[w]hen

5

read in the context of the entire record, the statement does not militate in favor of limits beyond those" the ALJ outlined. (AR 25).

Turning to opinion evidence, the ALJ first evaluated the medical source statement provided by Dr. Castrejon. (AR 25). Dr. Castrejon's statement suggested Ms. Galindo cannot perform a full range of even sedentary work. (AR 25; 287-90). The ALJ noted Dr. Castrejon was Ms. Galindo's primary care physician and recounted several of his treatment notes. (AR 24-25). However, the ALJ stated, Dr. Castrejon's statement was "not supported by his treatment notes, the objective findings, and [was] not consistent with treatment notes from her other providers." (AR 25). The ALJ did not specify what evidence, from any source or provider, contradicted Dr. Castrejon's statement. The ALJ did not assign weight to Dr. Castrejon's statement, saying only "I cannot give [the statement] significant evidentiary weight." (AR 25).

Finally, the ALJ stated "[i]n sum, the above [RFC] assessment is supported by the evidence as a whole when viewed in its entirety. This determination is also consistent with the opinions of state agency medical consultants who have also found the claimant is not disabled." (AR 26). This time, the ALJ expressly gave "great weight to the opinions of the state agency medical consultants," though she did not provide reasons why. (AR 26).

At step four, the ALJ determined Ms. Galindo was capable of performing her past relevant work as an assembler. (AR 26). The ALJ stated her conclusion was supported by the VE's testimony, which the ALJ found consistent with the Dictionary of Occupational Titles. (AR 26). Because Ms. Galindo could perform her past relevant

6

work, the ALJ held Ms. Galindo had not been disabled at any time between her alleged onset date and the date of the ALJ's decision. (AR 26).

## IV. Analysis

Ms. Galindo argues the ALJ improperly weighed and considered Dr. Castrejon's opinion. (Doc. 16-1 at 5). In particular, Ms. Galindo contends the ALJ could not reject Dr. Castrejon's opinion without discussing how it was inconsistent or unsupported by the evidence. (Doc. 16-1 at 6-7).

ALJs must evaluate and weigh every medical opinion in the record. 20 C.F.R. § 416.927(c); *see also* Social Security Ruling "SSR" 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Treating sources are generally entitled to more weight than other sources, given their treatment relationship with the claimant. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Accordingly, ALJs must follow a particular, two-step process when evaluating and weighing opinions from treating sources. 20 C.F.R. §§ 404.1527(b), 416.927(b); *see Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). First, the ALJ must decide whether the treating source's opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "are not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If the treating source's opinion satisfies both criteria, it is entitled to controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

If a treating source's opinion is not entitled to controlling weight, the ALJ must determine how much weight to assign the opinion. Failure to assign weight to a treating source is reversible error. *See Watkins*, 350 F.3d at 1301; *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). In deciding how much weight to give an opinion, the ALJ

7

must consider the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, whether the opinion is supported by objective medical evidence, whether the opinion is consistent with the record as a whole, the source's specialization, and any other relevant factor. §§ 404.1537(c)(1)-(6), 416.927(c)(1)-(6). An ALJ need not explicitly discuss every single factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the ALJ must only "give good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight" she gave to the opinion "and the reasons for that weight." SSR 96-2P, 1996 WL 374188 at *5 (July 2, 1996).

An ALJ's reasoning is not sufficiently specific if she merely states an opinion is unsupported by or inconsistent with the medical evidence without further explanation. *Langley*, 373 F.3d at 1122-23; *see Cagle v. Astrue*, 266 Fed. Appx. 788, 792-793 (10th Cir. 2008) (unpublished); *Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) (unpublished); *King v. Barnhart*, 114 Fed. Appx. 968, 972 (10th Cir. 2004) (unpublished). In *Langley*, the ALJ rejected two source opinions as unsupported by medical evidence. *Langley*, 373 F.3d at 1120, 1122 (rejecting one doctor's opinion as "'wholly unsupported'" by the record and a second doctor's as "'not supported'" by the record). However, the ALJ did not explain how the opinions were unsupported or inconsistent with the medical record. *Id.* The Tenth Circuit Court of Appeals reversed, explaining the ALJ's reasoning did not permit meaningful review. *Id.* at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for

8

rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings.").

In this case, the ALJ recognized Dr. Castrejon's opinion that Ms. Galindo cannot perform a full range of sedentary work. (AR 25). The ALJ concluded "this opinion is not supported by his treatment notes, the objective findings, and is not consistent with treatment notes from [Ms. Galindo's] other providers." (AR 25). Consequently, the ALJ stated she "cannot give significant evidentiary weight" to Dr. Castrejon's opinion. (AR 25). Earlier in her decision, the ALJ recited some of Dr. Castrejon's treatment notes. (AR 24-25). However, the ALJ did not elaborate on how Dr. Castrejon's opinion was inconsistent with or unsupported by the medical evidence, nor did she state the weight she did give Dr. Castrejon's opinion.

First, the ALJ did not consider whether Dr. Castrejon's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" as required. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Despite the ALJ's error, the Court may not reverse on these grounds. The Tenth Circuit has declined to reverse an ALJ where, as here, the ALJ "implicitly declined to give" a treating source controlling weight. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014). But the ALJ also failed to state what weight she gave Dr. Castrejon's opinion, and such error is reversible. *See Watkins*, 350 F.3d at 1301 ("Here, the ALJ failed to articulate the weight, if any, he gave Dr. Rowland's opinion . . . We must remand because we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion.").

Finally, the ALJ failed to adequately support her consideration of Dr. Castrejon's opinion. As discussed, an ALJ may not reject an opinion as unsupported by the evidence without explaining how the opinion and evidence conflict. In *Langley*, the Tenth Circuit plainly stated that "[b]ecause the ALJ failed to explain or identify what the claimed inconsistencies were between [the medical] opinion and the other substantial evidence in the record, his reasons for rejecting that evidence were not 'sufficiently specific' to enable this court to meaningfully review his findings. *Langley*, 373 F.3d at 1123; *see Hamlin v. Barnhart*, 365 F.3d 1208, 1217-20 (10th Cir. 2004). Thus, given the ALJ's brief, conclusory discussion of Dr. Castrejon's opinion, the Court agrees with Ms. Galindo that the ALJ's findings do not permit meaningful review and that the ALJ failed to follow the proper legal standards.

The Commissioner cites *Endriss v. Astrue*, 506 Fed. Appx. 772, 777 (10th Cir. 2012) (unpublished), for the proposition that the ALJ was not required to recount the evidence again after having done so earlier in her decision. (Doc. 20 at 7). *Endriss* is distinguishable from this case. In *Endriss*, the claimant argued that the ALJ erred by discounting an opinion as inconsistent with medical evidence and not supporting that determination with a discussion of the evidence. 506 Fed. Appx. at 775. Though the ALJ did not "contemporaneous[ly]" discuss the medical evidence when weighing the opinion, he specifically cited exhibits that he thoroughly discussed earlier in his decision. *Id.* After "[r]eading the ALJ's decision as a whole," the Tenth Circuit found the ALJ provided a "good reason for the weight he ultimately assigned the opinion." *Id.* at 776.

Here, the ALJ did not specifically cite or refer to evidence in any way. Rather, the ALJ merely stated Dr. Castrejon's opinion was unsupported by the evidence. Without

any specification, the Court is left to guess what evidence Dr. Castrejon's opinion contradicts or is unsupported by. Accordingly, the Court cannot meaningfully review the ALJ's decision.

### V. Recommendation

For the foregoing reasons, the Court finds that the ALJ failed to apply the correct legal standards in evaluating and weighing Dr. Castrejon's opinion. **IT IS THEREFORE ORDERED** that Ms. Galindo's *Motion to Reverse Commissioner's Administrative Decision and Remand Claim*, (Doc. 16), is **GRANTED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE